IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZELDA V. GAY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1693-B-BD |
| | § | |
| JUDY RICH, RN | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil rights action brought by Zelda V. Gay, a citizen of Texas, against Judy Rich, a nurse employed by Baylor Medical Center in Garland, Texas. In her complaint, plaintiff alleges that she was "physically assaulted" by Rich during a visit to the Baylor emergency room on July 23, 2009. According to plaintiff, the "assault" occurred when Rich refused to stop drawing blood from her arm after plaintiff complained of intense pain. When plaintiff pulled her arm away, Rich allegedly "slapped it, as if I was a child being scolded." (*See* Plf. Compl. at 2). Plaintiff now sues Rich for unspecified civil and criminal violations.[1]

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000,

---

[1] In separate lawsuits, plaintiff also sues Baylor Health Care System of Garland and a Baylor security officer who issued her a citation following this incident. *Gay v. Baylor Health Care System of Garland*, No. 3-11-CV-1692-N; *Gay v. Gray*, No. 3-11-CV-1694-L. The magistrate judge has recommended the dismissal of plaintiff's case against Baylor Health Care System. Plaintiff's case against the Baylor security guard remains pending.

exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff has failed to allege a cognizable claim arising under federal law. In her civil cover sheet, plaintiff states that federal jurisdiction is proper under 18 U.S.C. §§ 241 & 242, criminal statutes pertaining to civil rights violations. However, "federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007), *rec. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007) (collecting cases). In order for a private right of action to exist, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz*, 8 F.3d 22 (Table), 1993 WL 456323 at *1 (5th Cir. Oct. 28, 1993), *quoting Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Not only has plaintiff failed to adequately plead a violation of any federal criminal statute, but she cannot maintain a private right of action as a result of any such violation. *Id., quoting Johnson v. Kegans*, 870 F.2d 992, 1005 n.4 (5th Cir.), *cert. denied*, 109 S.Ct. 3250 (1989) (Goldberg, J., dissenting) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body").

To the extent plaintiff attempts to sue for civil rights violations under 42 U.S.C. § 1983, she has failed to allege any facts giving rise to such a claim. Only "state actors" may be sued under section 1983. Private citizens, like Rich, become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). Plaintiff does not allege that Rich acted on orders from a state law enforcement officer or other state actor. Without facts to support such an allegation, the court is unable to conclude that Rich's conduct

is "fairly attributable to the State." *See, e.g. Nelson v. Cauley*, 243 Fed.Appx. 876, 877, 2007 WL 2228568 at *1 (5th Cir. Aug. 3, 2007) (affirming dismissal of section 1983 case where plaintiff failed to establish that nurse's actions were the result of compulsion by the state).

Finally, it is apparent from the face of the complaint that plaintiff and Rich are citizens of Texas. Thus, there is no basis for federal diversity jurisdiction. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978) (in order for a federal court to exercise diversity jurisdiction, the citizenship of *all* plaintiffs must be different from the citizenship of *all* defendants).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2011.

DATED: July 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE